IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| v. ) | CASE NO. 20-cr-111 (JDB) |
| **HUMBERTO IESAJACO-DIAZ** ) | |
| _____ ) | |

**MEMORANDUM IN AID OF SENTENCING ON REVOCATION**

Humberto Iesajaco-Diaz, through undersigned counsel, hereby respectfully submits this Sentencing Memorandum. Based on the nature and circumstances of the offense, his background, history of compliance, and the relevant sentencing factors directed under 18 U.S.C. § 3583(e), the defense respectfully submits that a sentence of time served is fair and reasonable.

**Background**

On November 11, 2023, Mr. Diaz began supervision in this case after serving 44 months in prison for conspiracy to distribute and possess with intent to distribute five hundred grams or more of cocaine. ECF No. 52. Mr. Diaz was supervised out of the District of Maryland, where he had a stable residence, was employed and in compliance with his conditions of release.

On April 25, 2024, Mr. Diaz was arrested and charged with Negligent Manslaughter in Maryland. He pled guilty on November 14, 2024, and was sentenced to 3 years of imprisonment on December 18, 2024. ECF No. 52.

Mr. Diaz has been detained since January 9, 2026. The defense seeks a sentence of time served and continued supervision.

1

## **Sentencing Law**

To impose a sentence for violation of supervised release, Congress requires the Court to consider the following 18 U.S.C. § 3553(a) sentencing factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines— (i)issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; …

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e) (listing Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) as the only factors to be considered).

The Court may not consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

2

punishment for the offense." 18 USC § 3553(a)(2)(A).  In other words, the Court may sentence the defendant for a "breach of trust," but "may not punish him for the criminal conduct underlying the revocation." *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009); *see also United States v. Turner*, 21 F.4th 862, 865 (D.C. Cir. 2022) (the penalties "seek to sanction a defendant's breach of trust in violating the conditions of supervision.") (citation omitted).

Under 18 U.S.C. § 3553(a)(4), the Court must consider the guidelines, however, the guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005).  *Booker* and § 3553(a) require the Court to tailor an individualized sentence that achieves § 3553(a)'s objectives in the case before it.  *Rita*, 551 U.S. at 348, 350. This Court may not presume that a Guidelines sentence is reasonable and should, instead, consider whether or not the applicable Guidelines sentence properly reflects § 3553(a) considerations and whether "the case warrants a different sentence regardless." *Id.* at 351.  Indeed, "it remains the judge's duty to tailor every sentencing to the case and defendant at hand," regardless of the guidelines range. *United States v. Sabillon-Umana*, 772 F.3d 1328, 1330 (10th Cir. 2014) (Gorsuch, J.).

In *Esteras v. United States*, 606 U.S. 185 (2025), the Supreme Court explained that in revocation hearings, the purpose is not to punish for the offense giving rise to the violation:

> Congress's decision to exclude retribution from the calculus also comports with the role of supervised release in our current criminal justice scheme….  So when a defendant violates the conditions of his supervised release, it makes sense that a court must consider the

3

*forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-looking* purpose of retribution.

*Id.* at 186 (emphasis in the original).

## Argument

For the following reasons, a sentence of time-served with continued supervision is the only sentence that accomplishes the purposes of sentencing.

### A.   Nature and Circumstances of the Offense

Mr. Diaz was involved in a hit and run accident. He pled guilty to Negligent Manslaughter in Maryland on November 14, 2024. He was sentenced on December 18, 2024, to 3 years of imprisonment. While this is a serious offense, this Court previously determined it is not a crime of violence.

### B.   Mr. Diaz's History and Characteristics

Mr. Diaz is a father who seeks to provide for his children. During supervision in this case, he had a stable residence in Maryland and was employed as a contract laborer. He attended mental health counseling weekly. Also, he paid his special assessment and submitted his DNA sample.

At the time of his sentencing, this Court imposed the special condition of mental health treatment, of which he complied. Mr. Diaz seeks to return to society and continue with mental health treatment.

### C.   The Requested Sentence Would Provide Adequate Deterrence to Criminal Conduct and Protect the Public.

Under 18 U.S.C. § 3553(a)(2)(B) and (a)(2)(C), this Court must consider "the need for the sentence imposed—. . . to afford adequate deterrence to criminal

conduct...[and] to protect the public from further crimes of the defendant."

While "[p]rison is an important option for incapacitating and punishing those who commit crimes," evidence suggests that lengthy prison sentences do not have a "chastening" effect and "produce at best a very modest deterrent effect." *Five Things About Deterrence*, Nat'l Inst. Justice, U.S. Dep't of Justice, 1-2 (May 2016). With respect to specific deterrence, research shows conclusively that "[t]he *certainty* of being caught is a vastly more powerful deterrent than the punishment," that "[s]ending an individual convicted of a crime to prison isn't a very effective way to deter crime," and that "[i]ncreasing the severity of punishment does little to deter crime." *Id.* (emphasis in original); *see also* James Austin *et al.*, *How Many Americans Are Unnecessarily Incarcerated?*, Brennan Ctr. For Just., N.Y. Univ. School of Law, 22 (2016) (quoting a 2011 study by criminologists concluding that "across all offenders, prisons do not have a specific deterrent effect. Custodial sentences [jail and prison] do not reduce recidivism more than noncustodial sanctions."). Notably, "the great majority of studies point to a null or criminogenic effect of the prison experience on subsequent offending."[1] Hence, "'[t]his reading of the evidence should, at least, caution against wild claims--at times found in "get tough" rhetoric voiced in recent decades--that prisons have special powers to scare offenders straight."[2] Therefore, no incarceration is needed to address the breach of trust in this case.

---

[1] Daniel S. Nagin, Francis T. Cullen, Cheryl Lero Jonson, *Imprisonment and Reoffending*, 38 Crime & Just. 115, 178 (2009)
[2] Nagin, et al., *supra* note 35.

The public has been protected while Mr. Diaz has been on supervision in this case. This is not a case where Mr. Diaz while on supervision sought to commit a crime like possessing a firearm or selling drugs. There is no indication that Mr. Diaz intended to be involved in a hit and run accident. There is nothing to indicate that had probation conducted more supervision this accident would not have happened. When considering the sentencing factors, the overarching principle to sentencing for violation of supervised release is the breach of trust. In light of his compliance with other aspects of his supervision, including maintaining stable housing, complying with treatment, and seeking employment, no further sentence is necessary to address the breach of trust. To the contrary, a sentence of incarceration will destabilize Mr. Diaz and disrupt any progress he can make to provide for his family. "There is no indication of how additional punishment furthers deterrence and public safety, and there is no credible argument that it furthers Mr. [Diaz]'s rehabilitation or treatment." *United States v. Nwenze*, Case No. 19-cr-285-JMC-ZMF, Report and Recommendation at ECF No. 94, at p. 9.

### D. In light of His Supervision History, Mr. Diaz Does Not Need Educational or Vocational Training.

Under 18 U.S.C. § 3553(a)(2)(D) this Court must also consider "the need for the sentence imposed—. . . to provide the defendant with needed educational or vocational training, medical care. . . in the most effective manner." Additional time is not needed to address educational needs or medical care. Notably, Congress has mandated that "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). Sending Mr. Diaz to prison is not needed

6

to correct his breach of trust and works against any rehabilitation efforts.

### E. The Kinds of Sentences Available and the Sentencing Guidelines Warrant the Requested Sentence.

Both the government and the Probation Office argue that Mr. Diaz should be sentenced to a guideline sentence of incarceration. Such a sentence does not take into consideration the positive strides Mr. Diaz made while on supervision. It also does not address the Supreme Court's mandate that the Court consider the *forward-looking* ends of sentencing. *Esteras*, 606 U.S. at 186.

Furthermore, the U.S. Sentencing Commission recently amended the supervised release guidelines, noting that the Court may extend a term of supervised release considering the 3583(e)(2) factors. U.S.S.G. § 5D1.4(c). In addition, the Commission notes that "extending a term may be more appropriate than taking other measures, such as revoking the term of supervised release." *Id.* at App. Note 3. Regarding violation of supervised release, the Commission "encourages courts—where possible—to consider a wide array of options to respond to non-compliant behavior and violations of the conditions of supervised release." U.S.S.G. § 7C1.1, Introductory Commentary.

Like in *Gall v. United States*, 552 U.S. 38 (2007), "[a]ny term of imprisonment in this case would be counter effective by depriving society of the contributions of the Defendant who . . . understands the consequences of his criminal conduct and is doing everything in his power to forge a new life." 552 U.S. at 44 (citation omitted) (quoting district court). Mr. Diaz is eager to forge a new life for himself. He

7

requests a sentence of time served and continued supervision. The requested sentence is not greater than necessary and is sufficient for the purposes of sentencing.

## **Conclusion**

For the foregoing reasons, a sentence of time served, would sufficiently address the breach of trust as well as limited factors the Court may consider under 18 U.S.C. § 3553(a).

                                        Respectfully submitted,

                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                        _____/s/_____
                                        Ubong E. Akpan
                                        Assistant Federal Public Defender
                                        625 Indiana Ave., N.W., Suite 550
                                        Washington, D.C. 20004
                                        (202) 208-7500