**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES<br><br>v.<br><br>HUMBERTO IESAJACO-DIAZ,<br>Defendant. | Criminal Action No. 20-111-1 (JDB) |

**MEMORANDUM OPINION & ORDER**

The Court sentenced Iesajaco-Diaz on July 28, 2021, to 44 months in prison for conspiracy to distribute and possession with intent to distribute 500 or more grams of cocaine, with credit for the time served since his arrest on May 21, 2020.  Judgment, Dkt. 32.  He began supervised release on November 10, 2023.  Probation Pet. 1, Dkt. 49.  Nearly six months later, Iesajaco-Diaz was arrested and charged in Maryland state court with a hit and run resulting in death.  Id.  He pled guilty to negligent manslaughter and the court sentenced him on December 18, 2024, to three years in prison.  Probation Mem., Dkt. 52.

Following his release from that incarceration, Iesajaco-Diaz is now before this Court again because committing a state crime violates the terms of his supervised release for the federal drug conviction.  On March 13, 2026, the Court will hold a final hearing on revocation of supervised release.  See Min. Entry (Feb. 17, 2026).  Ahead of that hearing, defense counsel has moved for Iesajaco-Diaz's release from custody under 18 U.S.C. § 3143(a)(1).  Mot. for Release, Dkt. 60. The government opposes release.  Gov't's Resp., Dkt. 62.

Section 3143(a)(1) requires pre-sentencing detention unless the Court "finds by clear and convincing evidence" that the defendant is neither a flight risk nor poses a danger to the community.  In other words, detention is the "background rule" and the defendant bears the burden

1

of proving lack of flight risk or danger.  United States v. Wiggins, 613 F. Supp. 3d 348, 353-54 (D.D.C. 2020).  Courts consider the four factors set out in section 3142(g) in evaluating a pre-sentencing motion for release: the (1) nature and circumstances of the offense, (2) weight of the evidence, (3) history and characteristics of the defendant, and (4) nature and seriousness of the danger to the community from release.  Id.  at 355.

In support of his motion, Iesajaco-Diaz argues that he does not pose a flight risk because he has local family ties and a stable residence and because he complied with supervision before the hit-and-run crime.  Mot. for Release 3.  He further contends that he does not pose a danger to the community because the offense was an accident, there is no evidence of other criminal activity while on supervised release, and he has mental health and medical challenges.  Id. at 4.  For its part, the government highlights that Iesajaco-Diaz has other criminal convictions for violent or drug offenses and is a deportable alien who previously reentered the country without permission.  Gov't's Resp. 2.

As to the nature and circumstances of the crime, Iesajaco-Diaz concedes that this violation of supervised release—a hit and run resulting in death—is a "serious offense."  Mot. for Release 4.  Although negligent manslaughter is not a "crime of violence" under the categorical approach because it can be committed without the use of physical force, see United States v. Williams, 353 F. Supp. 3d 14, 20 (D.D.C. 2019); cf. Delligatti v. United States, 604 U.S. 423 (2025) (holding that knowingly or intentionally causing death necessarily involves the use of physical force), this particular crime was violent.

Next, Iesajaco-Diaz also concedes that he committed the hit-and-run offense, Mot. for Release 4, although the weight of the evidence "is the least important" factor, United States v. Padilla, 538 F. Supp. 3d 32, 43 (D.D.C. 2021) (quotation omitted).

Iesajaco-Diaz's history and characteristics further support detention.  As the government points out, Gov't's Resp. 2, he has other serious convictions, including for assault with a machete and possession with intent to distribute cocaine, see Presentence Investigation Report ¶¶ 38-42, Dkt. 29.  And he committed the hit-and-run offense while on supervised release.  See 18 U.S.C. 3142(g)(3)(B).  Moreover, his risk of flight appears higher because he previously crossed the U.S. border illegally following deportation, demonstrating his capacity to evade border authorities.  Id. ¶ 41.  The Court does not find that either his local family ties and stable residence or his mental health and medical challenges adequately mitigate these risks.  See Mot. for Release 3-4.

Finally, the Court observes in terms of danger to the community that, in addition to his drug and assault convictions, Iesajaco-Diaz has numerous convictions and charges for driving offenses, including for driving on a suspended license.  Presentence Investigation Report ¶¶ 40, 42, 48, 51-52.  The fact that Iesajaco-Diaz has repeatedly driven while not authorized to do so highlights the danger to the community of releasing him before the final hearing on revocation of supervised release for this hit-and-run offense.  That the hit and run was not intentional does not alleviate these dangers.  See Mot. for Release 4.

Accordingly, all four section 3142(g) factors weigh in favor of detention, so the Court does not find by clear and convincing evidence that Iesajaco-Diaz poses neither a flight risk nor danger to the community.

\* \* \*

Because defendant has not carried his burden under 18 U.S.C. § 3143(a)(1), the Court **DENIES** [60] defendant's motion for release from custody.

/s/
JOHN D. BATES
United States District Judge

Date: March 10, 2026

3